UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ALI BILE,<br><br>    Petitioner<br><br>    v.<br><br>TROY LUND, et al.,<br><br>    Respondents. | Case No. CV 15-5323-CJC (GJS)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

    On July 15, 2015, Petitioner, a federal prisoner, filed a "Motion to Issue Order Directing Respondents to Lift a Department of Homeland Security Detainer Pursuant to 28 U.S.C. §§ 1252 & 1253," which he alleges is brought pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1361 ("Petition").  Petitioner names as Respondents an individual alleged to be employed by the Bureau of Immigration and Customs Enforcement (ICE), the Secretary of the Department of Homeland Security (DHS), and the Attorney General for the United States.

    The Petition seeks relief with respect to a pending detainer that ICE issued against Petitioner.  He alleges that:  he arrived in the United States as a refugee from Somalia and obtained Legal Permanent Resident status; he subsequently sustained a state court conviction for assault and battery with a deadly weapon; in 2005, ICE took him into immigration custody and initiated removal proceedings; he was found

to be deportable due to his conviction but not removable, and he was released on supervision; in or after 2011, Petitioner sustained state and federal convictions for "Criminal Threat" and received consecutive sentences; while the state prosecution ensued, ICE officials issued a detainer against him but removed it when Petitioner was sentenced; on August 5, 2013, he was transferred from state custody to federal custody; while in federal prison, he applied for Residential Re-entry Center placement, but was advised that he must confer with prison ICE officials regarding whether a detainer would be issuing; Petitioner spoke to ICE officials, who confirmed that he was not removable and already had been in removal proceedings; nonetheless, an immigration detainer thereafter issued (the "Detainer"); and although ICE officials have told Petitioner they would speak to a supervisor about getting the Detainer removed, it has yet to be removed. (Petition at 4-6.)

Petitioner complains that the existence of the Detainer is preventing him from gaining access to beneficial federal programs under 18 U.S.C. §§ 3621 and 3624 that would provide him with an early release. He asserts that he is "deserving of" participation in such programs. Petitioner contends that the issuance of the Detainer constitutes the "tort" of abuse of process on the part of ICE, as well as an abuse of discretion. He argues that the issuance of the Detainer is reviewable "for abuse of discretion," and that he is entitled to a habeas order directing ICE officials to lift, remove, or recall the Detainer and/or a mandamus order to that effect. (Petition at 2-4, 7-13.)

## DISCUSSION

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to Section 2254. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4.  For the following reasons, the Court has concluded that, pursuant to Habeas Rule 4, summary dismissal of the Petition, without prejudice, is required.  *See Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

*Threshold Jurisdictional Question*

At the outset, a question exists as to whether or not this Court has habeas jurisdiction to consider the Petition, in whole or in part.  Pursuant to Section 22141, Petitioner challenges the decision by ICE officials to issue the Detainer.  Section 2241 contains an "in custody" requirement.  *See* 28 U.S.C. § 2241(c).  Therefore, a federal court has jurisdiction to consider Petitioner's challenge to the existence of the Detainer only if Petitioner is in federal immigration custody pursuant to the Detainer.[1]  Generally, an ICE detainer alone is insufficient to render a petitioner "in custody" under Section 2241.  *See Campos v. I.N.S.*, 62 F.3d 311, 310 (9th Cir. 1995).  Rather, a detainer will suffice to constitute "custody" for Section 2241 purposes only so long as the petitioner is subject to a final order of deportation.  *See Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995).  Petitioner's allegations are uncertain regarding whether he is subject to a final order of removal; while he may be, he has not clearly alleged his status.

Thus, it is unclear that Section 2241 jurisdiction exists to consider his complaints about ICE's actions.  For argument's sake, the Court will assume that Petitioner is subject to a final order of removal (although, as he claims, he may not be removable) and, therefore, he satisfies Section 2241's "in custody" requirement as a general matter.

---

[1] Petitioner, obviously, is in federal criminal custody pursuant to his federal conviction, but he does not challenge that custody pursuant to this action.

3

*Jurisdiction Is Lacking Regarding Petitioner's*
*Abuse Of Discretion And Abuse Of Process Claim*

Even assuming that general Section 2241 jurisdiction exists over the Petition, Petitioner's complaint that the Detainer constitutes an abuse of discretion and an abuse of process nonetheless cannot be considered.  The decision by the Attorney General, as implemented by ICE officials, to issue a detainer is a discretionary one. *See, e.g., Georgia Latino Alliance for Human Rights v. Deal*, 793 F. Supp. 2d 1317, 1345 (N.D. Ga. 2011) (setting forth in Appendix declaration of senior ICE official, which states, *inter alia*, that "ICE does not lodge detainers or otherwise pursue removal for every alien in custody, and has the discretion to decide whether lodging a detainer and/or pursuing removal reflects ICE's policy priorities"), *aff'd in part and rev'd in part*, 691 F.3d 1250 (11th Cir. 2012); *Adeyeye v. U.S. Citizenship and Immigration Services*, No. 05-CV-4065 (NG), 2005 WL 3097891, at *2 (E.D.N.Y. Nov. 18, 2005) (opining that ICE's powers to impose and remove a detainer are discretionary, because they derive from 8 U.S.C. § 1228(a)(3), and subsection (a)(3)(B) of that statute makes clear that the Attorney General's powers are discretionary); *Nunez v. I.N.S.*, No. 3:03CV1224 (RNC), 2003 WL 23208955, at *1 (D. Conn. Oct. 9, 2003) (same).  Under 8 U.S.C. § 1252(g),

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Section 1252(g) bars courts from reviewing challenges to the Attorney General's exercise of discretion, such as the decision whether to issue or remove a detainer.  *See Bone v. Holder*, No. 1:14-cv-01747-JLT, 2015 WL 2345545, at *3

(E.D. Cal. May 14, 2015) (dismissing a Section 2241 petition challenging the issuance of a detainer for lack of jurisdiction, after finding that, "[b]ecause 8 U.S.C. § 1252(g) specifically precludes the court from reviewing ICE's decision to commence removal or deportation proceedings, the Court is without the power to compel ICE to take any specific action with respect to a detainer or potential removal hearing"); *Ceja v. Immigration and Customs Enforcement*, No. 1:08-cv-01708-TAG, 2009 WL 910858, at *2-*3 (E.D. Cal. April 2, 2009) (finding that the court lacked jurisdiction to consider a Section 2241 petition – which asked the court to discharge a detainer that allegedly was improper given that the petitioner might not be subject to removal – because Section 1252(g) precluded the court from reviewing a detainer related to a removal proceeding); *Cabrera v. Culpepper*, No. 3:09cv483/MCR/EMT, 2009 WL 4048239, at *2 (M.D. Fla. Nov. 19, 2009) (finding mandamus relief unavailable for petition that sought order requiring ICE to remove a detainer and immediately initiate deportation proceedings, because ICE's action involved a discretionary decision, and as a result, review was precluded by Section 1252(g) and mandamus review).

Thus, Section 2241 habeas review of the propriety of the Detainer, and whether it should be withdrawn, is not available under Section 2241, because Section 1252(g) prohibits such review. Petitioner's attempt to obtain such relief under the guise of the federal mandamus statute – 28 U.S.C. § 1361 – also fails. Section 1252(g) expressly precludes jurisdiction over Section 1361 claims. Even if Section 1252(g) were not applicable, mandamus review nonetheless would be unavailable, because jurisdiction under Section 1361 is limited to actions seeking to compel the performance of a nondiscretionary duty. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *see also Fallini v. Hodel*, 783 F.3d 1343, 1345 (9th Cir. 1986) (mandamus

5

relief is available only if the federal officer's duty is "'ministerial and so plainly prescribed as to be free from doubt'") (citation omitted).  As the decision to issue the Detainer and whether to remove it is a discretionary one on the part of immigration officials, mandamus jurisdiction is lacking.  *See Adeyeye,* 2005 WL 309781, at *2 (mandamus jurisdiction did not exist with respect to the petitioner's request for an order directing ICE to lift a  detainer, because the removal of a detainer is solely within the discretion of ICE*); Nunez,* 2003 WL 23208955, at *1 (because the INS's authority with respect to detainers is discretionary, a writ of mandamus was not available to compel the INS to lift a detainer issued against the petitioner).

*Petitioner's Due Process Claim Fails On Its Face*

Petitioner alleges briefly that "his constitutional rights and liberty interests are being affected by the" Detainer, because its existence precludes him from participating in early release programs available pursuant to 18 U.S.C. §§ 3621 and 3624.  (Petition at 10.)  He contends that the Detainer violates his federal right to due process.  (*Id.* at 11.)

18 U.S.C. § 3621 provides the Federal Bureau of Prisoners (BOP) with the authority to "designate the place of the prisoner's imprisonment.  18 U.S.C. § 3624(c) pertains to prisoner placement in reentry programs, such as halfway houses, RRCs, and community correctional facilities.  Placement in such programs is within the BOP's discretion.  *See* 18 U.S.C. § 3624(c)(4).  Under BOP Program Statement 7310.04 ¶ 10.f,[2] inmates with pending detainers are not eligible to serve the remainder of their sentences in halfway houses and other reentry programs.[3]

---

[2]     Available at www.bop.gov, under Policy & Forms.

[3]     Petitioner does not challenge the validity of this preclusion provision.

A prisoner's due process liberty interest protection generally is limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). A prisoner does not have a liberty interest in beneficial prison programs, nor does he have a liberty interest in custody classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (there is no due process protection or prisoner classification and eligibility for rehabilitative programs, and federal prison officials have full discretion to control these conditions of confinement); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (a prisoner has no constitutional right to a particular classification status that does not affect eligibility for parole or good time credits). Indeed, a federal prisoner does not have a due process liberty interest in participation in Section 3621 programs that can result in sentence reduction, because denying sentence reduction does not satisfy the *Sandin* requirement of an atypical and significant hardship in relation to the ordinary incidents of prison life. *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999); *see also Andrews v. Adler*, No. 1:10-cv-00895-ODW-DLB, 2010 WL 3768133, at *4 (E.D. Cal. Sept. 22, 2012) (same) (there is no prisoner liberty interest in obtaining early release).

Similarly, a federal prisoner has no protected interest in where he will be confined. *Moody, supra*. Therefore, the existence of a detainer precluding placement in an RRC or other community reentry program does not implicate due process. *See Gomez-Rodrigues v. Perdue*, No. 2:14-CV-19, 2014 WL 4782948, at *7 (N.D. W.Va. Sept. 23, 2014) (finding that, because of the discretion vested in the BOP under Sections 3621 and 3624, a prisoner does not have a due process liberty interest in being transferred to a halfway house or lower custody program, and keeping him in prison until his release date due to his detainer does not violate his federal constitutional rights), *aff'd by* 588 Fed. Appx. 242 (4th Cir. Dec. 19, 2014). Petitioner has no due process liberty interest in placement in an RRC or any other Section 3624(c) program. *Id.; see also Cespedes v. Laughlin*, No. 5:12-CV-24-

DCB-MTP, 2014 WL 4639443, at *2 (S.D. Miss. Sept. 16, 2014) (because the petitioner has no due process liberty interest in placement in an RRC, due process was not violated by his preclusion from such a program due to his pending detainer); *Hernandez v. Immigration and Customs Enforcement*, No. 2:13-cv-807, 2014 WL 4145530, at *3 (M.D. Fla. Aug. 20, 2013) (collecting cases and rejecting claim that existence of ICE detainer that precluded the petitioner from participating in community custody and early/work release programs violated due process, because the petitioner did not have a liberty interest in such programs).  When, as here, a prisoner has no due process liberty interest in being placed in a reentry program, denying him eligibility for placement in such a program cannot implicate, much less violate, due process.

*   *   *   *   *

In sum, the Court lacks jurisdiction to consider the primary claim alleged in the Petition, and the secondary federal constitutional claim alleged fails on its face.  As a result, the Petition must be dismissed.  Accordingly, for the foregoing reasons, IT IS ORDERED that the Petition shall be DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 1, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE